UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLO JEROME FELIX, JR., <br><br> Plaintiff, <br><br> v. <br><br> S. DOUGHERTY, et al., <br><br> Defendants. | Case No. 1:21-cv-01472-JLT-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION** <br><br> (Doc. 22) |

Plaintiff Tylo Jerome Felix, Jr., is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On June 9, 2023, Plaintiff filed a document titled "Change Of Address and A Court Order Of A 'Pen' Request." (Doc. 22.) Plaintiff advises he has "moved to the County Jail, and everything is different." (*Id*.) Plaintiff seeks a "court order" for a pen "to do legal litigation," or, alternatively, an order permitting his access to a pen that he can "check … in and out." (*Id*.) Plaintiff asserts it is very difficult to perform legal work with a pencil since a pencil can be erased. (*Id*.)

**II.    DISCUSSION**

The Court construes Plaintiff's June 9, 2023, filing to be a motion for preliminary injunctive relief.

### A. Applicable Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

### B. Analysis

First, the Court lacks jurisdiction to issue the relief requested. In its First Screening Order issued February 3, 2023, the Court found Plaintiff's original complaint stated cognizable Eighth Amendment excessive force claims against Defendant Cazores, Smotherman, Diaz, Velasquez and Arreazola, but the remaining claims asserted were not cognizable. (Doc. 16.) Within 21 days of the date of service of the order, Plaintiff was to do one of the following: (1) file a first amended complaint curing the deficiencies identified in the screening order, *or* (2) file a notice indicating he did not wish to file an amended complaint and instead wished to proceed on the cognizable Eighth Amendment excessive force claims only, *or* (3) file a notice of voluntary dismissal. (*Id.* at

10.) On May 9, 2023, Plaintiff filed a first amended complaint. (Doc. 21.) Plaintiff's first amended complaint has not yet been screened. 28 U.S.C. § 1915A(a). Until the Court has determined the first amended complaint states cognizable claims against the named defendants, there is no "actual case or controversy" before the Court. Therefore, the Court has no power to consider Plaintiff's request for a pen. *Summers*, 555 U.S. at 491-93; *Lyons*, 461 U.S. at 101-02.

Additionally, the Court notes Plaintiff's first amended complaint names several defendants employed at Corcoran State Prison, as well as a defendant employed as an executive for the "HCCAB."[1] Even if Plaintiff's first amended complaint is found to state plausible claims against the named defendants such that the Court has an "actual case and controversy" before it, the Court would lack personal jurisdiction over the subject of Plaintiff's instant motion who is "the County Jail." In other words, even if Plaintiff's first amended complaint passes screening and the named defendants are required to respond to the first amended complaint, the Court cannot issue an order directing other entities —like the County Jail where Plaintiff is currently housed that is not named as a defendant in any operative complaint—to do or refrain from doing something. *Summers*, 555 U.S. at 491-93; *Zepeda*, 753 F.2d at 727; *see also Armstrong v. Scribner*, No. 06cv852 L (RBB), 2008 WL 268974, at *29 (S.D. Cal. Jan. 30, 2008) (stating "This Court does not have the authority to issue an injunction directed to an entity that is not a party before it," and noting that plaintiff sought a preliminary injunction regarding actions taken by Miller and Alaniz but neither Miller nor Alaniz were defendants in the action, nor did plaintiff allege any facts linking Miller or Alaniz to the claims in the complaint). Therefore, this Court does not have personal jurisdiction over the county jail or its employees in this action.

Regarding the likelihood of success on the merits, while Plaintiff's original complaint has been screened and deemed to have stated Eighth Amendment failure to protect claims against Defendants Cazores, Smotherman, Diaz, Velasquez and Arreazola, Plaintiff chose to forego proceeding only on his claims found cognizable by the Court and elected to file a first amended complaint. Therefore, no determination has been made as to viability of the claims asserted in

---

[1] The acronym "HCCAB" refers to the Health Care Correspondence and Appeals Branch of the California Department of Corrections and Rehabilitation.

Plaintiff's first amended complaint, nor can a determination be made as to Plaintiff's likelihood of success on the merits of those claims. As such, Plaintiff has not demonstrated a likelihood of success on the merits of his claims. *Winter*, 555 U.S. at 20.

Next, while the Court appreciates Plaintiff's preference for a pen over a pencil to perform legal work, Plaintiff's preference for a pen does not demonstrate he is likely to suffer irreparable harm. *Winter*, 555 U.S. at 20 (a plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of the preliminary relief requested); *compare*, *Allen v. Sakai*, 48 F.3d 1082, 1089-90 (9th Cir. 1994) (finding prison officials violated plaintiff's right to access the court by giving him a pencil rather than a pen to complete court papers because Hawaii court rules required handwritten documents to be in ink). Plaintiff may prefer to use a pen, but a pencil may be used to complete legal paperwork in this Court.

Lastly, the Court notes there is presently no outstanding legal work for Plaintiff to perform. The Court will be screening Plaintiff's first amended complaint in due course.[2] Plaintiff is not required to take any action until the Court issues a second screening order addressing the first amended complaint.

In sum, Plaintiff's motion for a court order must be denied. There exists no actual case or controversy, the Court does not have personal jurisdiction over the individuals or entity that is the subject of Plaintiff's motion, and Plaintiff has not demonstrated a likelihood of success on the merits of his claims or that he is likely to suffer irreparable harm.

### III.  CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court recommends Plaintiff's motion filed June 9, 2023, be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

---

[2] This Court is one of the busiest district courts in the nation. The undersigned carries a heavy caseload that includes numerous prisoner civil rights actions, a significant number of which also require screening by the Court.

Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 15, 2023**                      /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE