UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLO JEROME FELIX, JR., <br><br> Plaintiff, <br><br> v. <br><br> S. DOUGHERTY, et al., <br><br> Defendants. | Case No. 1:21-cv-01472-JLT-SKO (PC) <br><br> **THIRD SCREENING ORDER** |

Plaintiff Tylo Jerome Felix, Jr., is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed his original complaint on October 1, 2021. (Doc. 1.) The Court issued its First Screening Order on February 3, 2023. (Doc. 16.) The Court found Plaintiff's complaint stated excessive force claims against Defendants Cazores, Smotherman, Diaz, Velasquez and Arreazola in violation of the Eighth Amendment, but the remaining claims against any Defendant were not cognizable. (*Id*. at 9.) Plaintiff was directed to do one of the following: (1) file a first amended complaint curing the deficiencies identified in the screening order; or (2) file a notice that he did not wish to file a first amended complaint and instead wished to (a) proceed only on his Eighth Amendment claims of excessive force against Defendants Cazores, Smotherman, Diaz, Velasquez and Arreazola, (b) dismiss his remaining claims, and (c) dismiss the remaining

1  defendants; or (3) file a notice of voluntary dismissal. (*Id*. at 10.)

2  On May 9, 2023, Plaintiff filed a first amended complaint. (Doc. 21.)  On January 31, 2024, the Court issued its Second Screening Order. (Doc. 25.) The Court determined that Plaintiff plausibly alleged an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Dougherty and Eighth Amendment excessive force claims against Defendants Cazores, Smotherman, Diaz, Velasquez, and Arreazola, but that the first amended complaint violated Rules 18 and 20 of the Federal Rules of Civil Procedure. (*Id*. at 4-13.) Plaintiff was directed to file a second amended complaint within 21 days. (*Id*. at 13-14.)

On March 18, 2024, Plaintiff's amended complaint was lodged with the Court. (Doc. 28.) On March 20, 2024, the Court issued its Order Regarding Plaintiff's Lodged Amended Complaint and Order Severing Certain Claims and Defendants and Directing Clerk of the Court to Open New Action. (Doc. 29.)[1] That same date, Plaintiff filed a second amended complaint. (Doc. 30.)

The Court addresses Plaintiff's second amended complaint filed March 20, 2024.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

---

[1] On March 21, 2024, the Court issued its Amended its Order Regarding Plaintiff's Lodged Amended Complaint and Amended Order Severing Certain Claims and Defendants and Directing Clerk of the Court to Open New Action, correcting a scrivener's error in the conclusion to correctly identify the named defendants in the new action only. (Doc. 31.)

2

1  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
2  Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the
3  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal
4  quotation marks and citation omitted).

5      Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
6  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
7  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff
8  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
9  face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are
10 accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.
11 at 555).

12     The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of
13 any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the
14 liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal
15 theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation
16 of a civil rights complaint may not supply essential elements of the claim that were not initially
17 pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal
18 quotation marks and citation omitted), and courts "are not required to indulge unwarranted
19 inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
20 marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not
21 sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's
22 liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

23     **B. Linkage and Causation**

24     Section 1983 provides a cause of action for the violation of constitutional or other federal
25 rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under
26 section 1983, a plaintiff must show a causal connection or link between the actions of the
27 defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,
28 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's second amended complaint names S. Dougherty, Joe Trovao, Cony Bencito, and Gill Ravijot, who are medical professionals employed at California State Prison-Corcoran as defendants in this action. (Doc. 30 at 1-3.) Plaintiff seeks "compensatory, punitive and nominal damages" as well as injunctive relief. (*Id*. at 4.)

## V. DISCUSSION

Plaintiff alleges an Eighth Amendment deliberate indifference to serious medical needs claim against the named defendants.

### Factual Allegations

Plaintiff alleges that on June 19, 2019, he suffered multiple serious injuries to his face and head. (Doc. 30 at 5.) Following his discharge from the hospital, he asked Nurse Trovao and Doctors Ravijot and Bencito for a pillow to alleviate his pain while laying down. (*Id*.) Plaintiff alleges he asked for a pillow for "weeks" from these individuals before being told "'Don't attack officers,'" in reference to an "incident where [he] was the victim of excessive force by officers." (*Id*.) Plaintiff contends he filed a health care service form on July 11, 2019, after Defendant Trovao advised him to put his request in writing. (*Id*.)[2]

When Plaintiff received no response, he filed a health care grievance on July 22, 2019. (*Id*.) Plaintiff states the grievance was received on July 25, 2019 and "filled out" by Defendant Dougherty on July 26, 2019. (*Id*.) Plaintiff alleges the grievance was rejected and returned to him on August 16, 2019. (*Id*.) Plaintiff states Dougherty had knowledge of Plaintiff's serious injury but "intentionally and recklessly failed to follow up on the serious medical need." (*Id*.) Plaintiff alleges Defendants Dougherty, Trovao, Ravijot and Bencito "all knew of the injuries but failed to

---

[2] Plaintiff alleges he was housed in administrative segregation where pillows were not allowed "without authorization from a medical provider." (Doc. 30 at 7.)

1    help [him] due to the bias that was stated and shared by Dr. Gill Ravijot," referring to the
2    excessive force incident and that Plaintiff "attacked officers and brought this upon himself." (*Id*.)
3        Plaintiff contends Defendant Dougherty's failure to investigate resulted in his deprivation
4    of a durable medical appliance—the pillow—yet "policy blatantly states that medical do not
5    provide extra pillows." (Doc. 30 at 5.) Plaintiff asserts Defendant Dougherty intended his
6    suffering, "crossed out the dissatisfied response which she had not authority to [do]," and failed to
7    "follow up and investigate." (*Id*. at 6.) Plaintiff further asserts that returning his medical
8    "grievance back to him in his assigned cell at C.S.P Corcoran," deprived him of medical care.
9    (*Id*.)
10       Plaintiff contends that on August 25, 2019, he "wrote to the headquarters of healthcare"
11   and the California Correctional Health Care Services, Health Care Correspondence and Appeals
12   Branch intervened on September 6, 2019. (Doc. 30 at 6.) Plaintiff states he "had to write another
13   grievance on the violation and the original issue," and "headquarters had C.S.P Corcoran [amend
14   his] grievance." (*Id*.) Plaintiff contends E. McDaniel and C. Bell denied him "a pillow stating that
15   it was not in the judication of the Health Care Services." (*Id*.) On October 14, 2019, Plaintiff
16   appealed, and his appeal was denied by S. Gates[3] on January 10, 2020. (*Id*.) Plaintiff contends
17   "[t]hese defendants knew of a serious injury and had the authority to help alleviate the plaintiff
18   pain but failed to use their authority." (*Id*.at 7.) Plaintiff contends that although he needed a
19   pillow, he "did not posses[s] even one pillow in administrative segregation where [he] was
20   housed at the time of the complaint" and that those housed in administrative segregation were not
21   permitted a pillow "without authorization from a medical provider." (*Id*.)
22       Plaintiff contends his "condition was severe" following the incident of July 19, 2019.
23   (Doc. 30 at 7.) He had significant swelling to his face and head, staples in his head, an orbital
24   fracture of the right eye, and stitches in his right eyebrow. (*Id*.) He states Defendant Trovao
25   "noted that he observed swelling" while removing Plaintiff's staples. (*Id*.) Plaintiff contends he

---

[3] McDaniel, Bell, and Gates are not named as defendants in Plaintiff's second amended complaint. (*See* Doc. 30 at 1-3.) Further, these individuals were dismissed from this action on March 21, 2024, because they were not named as defendants in the then operative complaint. (*See* Doc. 31.) Therefore, the Court considers the facts asserted as to these individuals only for purposes of context.

was seen by Defendants Gill and Bencito "for a fracture of the orbital floor, if the plaintiff was to sneeze the wrong way his eye ball could pop-out." (*Id.*) Plaintiff asserts the medical report from Adventist Health Bakersfield "states there is a fracture of the orbital floor" and notes significant swelling in the area, as well as a closed head injury and eyebrow laceration, leading to sutures and staples. (*Id.* at 7-8.) Plaintiff contends 'there was no way any nurse or doctor could not know that a pillow could alleviate or help" with his pain. (*Id.*) Plaintiff alleges the Defendants acted wantonly, intentionally and with gross negligence in rejecting his request for a pillow, and that he "had the right to receive Health Care without deliberate indifference." (*Id.*)

### The Legal Applicable Standards

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a deliberate indifference claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

1  individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v.*
2  *Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).
3      As to the second, subjective prong, deliberate indifference "describes a state of mind more
4  blameworthy than negligence" and "requires more than ordinary lack of due care for the
5  prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation
6  marks and citation omitted). Deliberate indifference exists where a prison official "knows that
7  [an] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take
8  reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a
9  purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm
10 caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not
11 show his harm was substantial; however, such would provide additional support for the inmate's
12 claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091,
13 1096 (9th Cir. 2006) (citation omitted).
14     "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060
15 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from
16 which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must
17 also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official]
18 should have been aware of the risk, but was not, then the [official] has not violated the Eighth
19 Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).
20     <u>Analysis</u>
21     Liberally construing the second amended complaint, and accepting all facts as true,
22 Plaintiff plausibly alleges Eighth Amendment deliberate indifference to serious medical needs
23 claims against Defendants Trovao, Ravijot, and Bencito. He alleges a serious medical need that a
24 reasonable medical professional would find worthy of treatment, including an orbital fracture,
25 concussion, lacerations requiring stitches or staples, and swelling of the face and head. *Colwell*,
26 763 F.3d at 1066. Plaintiff plausibly alleges treatment provider Defendants Trovao, Ravijot, and
27 Bencito purposefully and knowingly failed to respond to his pain and medical need for a pillow
28 while he recovered from his significant injuries in administrative segregation. *Wilhelm*, 680 F.3d

7

1 at 1122.

2     Regarding Plaintiff's claim against Defendant Dougherty, the Court notes that prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *see also, e.g.*, *Towner v. Knowles*, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); *Williams v. Cate*, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims"); *Jordan v. Asuncion*, No. CV 17-1283 PSG (SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) ("[A] prisoner [does not] have a constitutional right to any particular grievance outcome"). However, a plaintiff may "'establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging his appeal put defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need.'" *Moss v. Entzel*, No. EDCV 17-2144-PSG (KK), 2018 WL 376925, at 1 (C.D. Cal. Jan. 11, 2018) (citing to *Brammer v. Yates*, No. F-07-1350 GBC (PC) (E.D. Cal. Nov. 22, 2011)).

    Liberally construing the second amended complaint and accepting all facts as true, Plaintiff plausibly alleges an Eighth Amendment deliberate indifference claim against Defendant Dougherty by contending she screened his grievance, "failed to investigate" his location (in administrative segregation), and "crossed out" his response to the grievance findings, knowing that Plaintiff had a serious medical need that was not being met, and thus her denial constituted deliberate indifference to that need.

    In sum, Plaintiff plausibly alleges Eighth Amendment deliberate indifference to serious medical needs claims against all named defendants.

//

//

//

8

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court finds Plaintiff states plausible constitutional claims against Defendants Dougherty, Trovao, Ravijot and Bencito. The Court will issue a separate order regarding service in due course.

IT IS SO ORDERED.

Dated:  **April 3, 2025**                              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE